IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| KENNETH BELL, #1798445, § | |
| Plaintiff, § | |
| § | |
| v. § | CIVIL CASE NO. 3:17-CV-3315-M-BK |
| § | |
| § | |
| COUNTY COURT AT LAW OF § | |
| NAVARRO COUNTY, TEXAS, § | |
| Defendant. § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636(b) and *Special Order 3*, this *pro se* case was automatically referred to the United States magistrate judge. The Court granted Plaintiff's motion to proceed *in forma pauperis*, but did not issue process pending preliminary screening. Upon review of the relevant pleadings and applicable law, and for the reasons that follow, this case should be summarily **DISMISSED WITH PREJUDICE** as frivolous.

On December 7, 2017, Plaintiff, a state inmate, filed a *pro se* civil rights complaint, pursuant to 42 U.S.C. § 1983, against the County Court at Law of Navarro County, Texas. Doc. 3 at 3. He asserts the state court lacked jurisdiction over a 2011 criminal indictment for burglary of a habitation, for which he is presently serving a 43-year sentence within the Texas Department of Criminal Justice (TDCJ). Doc. 3 at 4; *see State v. Bell*, No. C34388 (County Court at Law, Navarro Cty. Jul. 6, 2012).[1] Plaintiff claims he was twice indicted for the same offense and,

---

[1] TDCJ online information for Petitioner's holding conviction is available at https://offender.tdcj.texas.gov/OffenderSearch/offenderDetail.action?sid=03746085 (last accessed Mar. 6, 2018).

thus, the indictment was not obtained through proper legal procedure, Doc. 3 at 4, and that the state court vacate the judgment and order a new trial. Doc. 3 at 4.[2]

However, insofar as Plaintiff seeks to vacate his state conviction, his claim is not cognizable under 42 U.S.C. § 1983. *See Wilkinson v. Dotson*, 544 U.S. 74, 78 (2005) ("a prisoner in state custody cannot use a § 1983 action to challenge the fact or duration of his confinement") (quotations and quoted case omitted). Constitutional challenges to state court convictions are generally cognizable in a federal habeas corpus action after exhaustion of state court remedies. *See* 28 U.S.C. § 2254. Moreover, to the extent Petitioner seeks an order of this Court compelling the Navarro County judge to vacate the state judgment and schedule a new trial, his claim is not cognizable. Federal courts are without power to issue writs of mandamus against state officers in the performance of their duties where mandamus is the only relief sought. *See Santee v. Quinlan*, 115 F.3d 355, 357 (5th Cir. 1997) (affirming dismissal of mandamus petition as frivolous because federal courts lack power to mandamus state officials in performance of their duties).[3]

---

[2] In September 2017, Plaintiff filed a federal habeas petition under 28 U.S.C. § 2254 challenging his conviction for burglary of a habitation. However, he twice failed to sign the brief in support and the undersigned recommended that the federal petition be dismissed without prejudice for want of prosecution. *See Bell v. Davis*, No. 3:17-CV-2671-L-BK (N.D. Tex.) (*Findings, Conclusions and Recommendation of the United States Magistrate Judge* filed January 3, 2018).

[3] The filing fee provisions of 28 U.S.C. § 1915(b) do not apply to a request for mandamus relief stemming from a state criminal proceeding such as the one at issue in this case. *See In re Stone*, 118 F.3d 1032, 1034 (5th Cir. 1997) (holding that nature of underlying action determines whether filing fee provisions of section 1915(b) apply, and finding that petition for writ of mandamus that arose from post-conviction habeas application was not subject to fee payment requirements of section 1915(b)).

Accordingly, it is recommended that Plaintiff's complaint be summarily **DISMISSED WITH PREJUDICE** as frivolous. *See* 28 U.S.C. § 1915(e)(2)(B); and 28 U.S.C. § 1915A(b) (providing for *sua sponte* dismissal of an *in forma pauperis* complaint that is frivolous, malicious, or fails to state a claim upon which relief may be granted).

**SIGNED** March 16, 2018.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n,* 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds,* 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE